

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SAAD JALAL,<br><br>Defendant. | **UNDER SEAL**<br><br>Case No. 1:20-CR-261 |

## GOVERNMENT'S MOTION TO SEAL AND FOR LIMITED UNSEALING

The United States, by and through undersigned counsel, hereby moves the Court pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, for an Order to Seal the Indictment and arrest warrant, together with this motion to seal and proposed order, until the defendant is brought to the Eastern District of Virginia, or until the motion of the government to unseal, whichever occurs first. The United States further requests that the Indictment and arrest warrant be unsealed for the limited purpose of disclosing them to government officials, including foreign officials, in order to facilitate the extradition of the defendant from Canada to the United States, if necessary. In support of these requests, the United States submits the following:

**I.    REASONS FOR SEALING** (Local Rule 49(B)(1))

1.    Agents from the Federal Bureau of Investigation (FBI), and detectives from the Fairfax County Police Department (FCPD) have been investigating Saad Jalal and others for the distribution of recreational drugs, including methylenedioxyamphetamine (MDA). A young woman fatally overdosed on MDA distributed by Jalal in September 2019. The indictment charges Jalal, a Canadian medical student, with distribution of MDA, in violation of 21 U.S.C. § 841(a)(1).

2. Sealing is necessary to avoid premature disclosure and notification of the existence of the Indictment and arrest warrant, which could result in flight from prosecution of other targets of the investigation, as well as the destruction or tampering of evidence, the intimidation of potential witnesses, and could or otherwise jeopardize the investigation.

## II. REFERENCES TO GOVERNING CASE LAW (Local Rule 49(B)(2))

3. The Court has the inherent power to seal indictments and arrest warrants. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Sealing the indictment is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely. *See e.g., In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988); *Matter of Eye Care Physicians of America*, 100 F.3d 514, 518 (7th Cir. 1996); *Matter of Flower Aviation of Kansas, Inc.*, 789 F.Supp. 366 (D. Kan. 1992).

## III. PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (Local Rule 49(B)(3))

4. As noted above, the defendant is Canadian. He is believed to reside in Canada, but occasionally make short trips into the United States. The United States respectfully requests that the Indictment and arrest warrant in this case remain sealed until the defendant is arrested or the government otherwise determines that the unsealing is appropriate and makes a motion for that purpose, whichever comes first.

5. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation.

IV. **REQUEST FOR LIMITED UNSEALING**

6. Additionally, it may be necessary for the United States to submit a formal request to extradite the defendant from Canada to the United States based on the charge in the Indictment. Extradition proceedings for the defendant are expected to commence upon receiving the formal request from the United States.

8. To the government's ongoing investigation and the integrity of the case, the Indictment and arrest warrant in this case should remain sealed.

9. In order to facilitate the defendant's arrest and eventual extradition, however, the government requests to unseal the Indictment and arrest warrant for the limited purpose of disclosing them to government officials, including Canadian officials, should extradition be necessary.

WHEREFORE, the United States respectfully requests that the Indictment, arrest warrant, and this motion to seal and proposed order be sealed until the defendant is brought to the Eastern District of Virginia, or until the motion of the United States. The United States further requests that the Indictment and arrest warrant be unsealed for the limited purpose of disclosing them to government officials, including Canadian officials, if necessary to facilitate the defendant's extradition to the United States.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: /s/ Katherine E. Rumbaugh
Katherine E. Rumbaugh
Assistant United States Attorney

3