UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SAAD JALAL,<br>   *Defendant.* | Case Number 1:20-cr-261 |

ORDER

In accordance with Case No. 2:20-mc-7, Gen. Order 2020-09, this Court finds that the defendant has consented to the use of video or telephone conferencing to conduct the preliminary criminal proceeding(s) to be held today, as authorized by § 15002(b)(1) of the CARES Act. *See* CARES Act, H.R. 748, 116th Congress (2020). As previously found in Case No. 2:20-mc-7, such preliminary criminal proceeding(s) fall(s) within the class of "critical" proceedings that should not be materially delayed in light of the ongoing COVID-19 pandemic. *See* Case No. 2:20-mc-7, Gen. Orders 2020-03 and 2020-07. Accordingly, the Court ORDERS that the criminal proceeding(s) to be held on this date may be conducted by Video Teleconferencing.

Pursuant to Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act, Pub. L. No 116–182, 134 Stat. 894 (Oct. 21, 2020), the Court further ORDERS the United States to adhere to the disclosure obligations set forth in *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. *Brady v. Maryland* instructs that "the suppression by the prosecution of evidence favorable to an accused" violates due process where the evidence is "material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. Failure to adhere to this requirement may result in serious consequences, up to and including vacating a conviction or disciplinary action against the prosecution.

Having given counsel the oral admonition required by the Due Process Protections Act, this Order serves as the reminder of prosecutorial obligation and duties in accordance with Rule 5(f) and the Eastern District of Virginia Standing Order concerning the same.

It is SO ORDERED.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

May 3, 2021
Alexandria, Virginia