

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SAAD JALAL,<br><br>*Defendant.* | No. 1:20-CR-261 |

## STATEMENT OF FACTS

The United States and the defendant, Saad Jalal, agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. On or about September 20, 2019, in Fairfax County, Virginia, within the Eastern District of Virginia, the defendant did knowingly, intentionally, and unlawfully distribute, and possess with intent to distribute, a mixture and substance containing a detectable amount of 3,4-methylenedioxyamphetamine ("MDA"), a Schedule I controlled substance.

2. The defendant is attributed with distributing at least 1 KG but less than 2.5 KG of Converted Drug Weight.

3. The defendant is a citizen of Canada, and at all times relevant to the Indictment, he was a medical student, and was present in the United States pursuing a clinical rotation as part of his studies.

4. In and around early September 2019, the defendant met three women: Individual 1, Individual 2, and the Victim. Individual 1, Individual 2, and the Victim were roommates who resided together in Falls Church, Virginia.

5. On or about September 20, 2019, at the request of the three women, the defendant obtained a quantity of what he believed to be MDMA; testing later revealed that this substance was

1

in fact MDA, not MDMA. The defendant texted Individual 1 and explained, "I lived in Baltimore for my surgery rotation and I met this really cool dealer. Anyway I hit him up today to see if he has a link for M and he did so I got it." In this text, "M" referred to "molly," which is a slang term for MDMA.

6. Shortly after 4:00 p.m., the defendant texted Individual 1, "Well I have 3 grams and it's in a fat rock lol," and then sent Individual 1 a picture of the narcotics he obtained.

7. Later that day, the defendant met Individual 1 and Individual 2 at their residence in Falls Church. There, he provided the MDA to Individual 1 and Individual 2, who divided the drug into smaller quantities. Additionally, a quantity of the MDA was separated for the Victim, who was not present.

8. The defendant, Individual 1, and Individual 2 then traveled from Falls Church to the District of Columbia, where they picked up the Victim from her workplace after her shift ended. Then, Individual 1, Individual 2, and the Victim each consumed a quantity of the MDA.

9. After ingesting the MDA, the Victim became noticeably impaired. Sometime thereafter, the defendant and the three women left the District of Columbia and returned to the women's residence in Falls Church.

10. Later that night, the Victim suffered a fatal overdose that resulted from her consumption of the MDA that the defendant distributed. The Virginia Office of the Chief Medical Examiner ruled that the cause of the Victim's death was acute methylenedioxyamphetamine (MDA) intoxication. A forensic toxicologist from the Virginia Department of Forensic Science analyzed samples of the Victim's blood and found it to contain MDA. No other controlled substances were found in the Victim's blood.

11. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

12. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Raj Parekh
Acting United States Attorney

Date:					By: *Katherine Rumbaugh*
					Katherine E. Rumbaugh
					Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, Saad Jalal, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Date: 7/2/2021

Saad Jalal
Defendant

I am the defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Date: 02. July. 21

Patrick N. Anderson, Esq.
Attorney for Saad Jalal